**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **DAVID M. WETHY, 2125 TRICKLING CREEK TRUST,** )<br>)<br>)<br>    **Plaintiffs,**         )<br>vs.                                                )<br>)<br>**CAPITAL TITLE, et. al.,**        )<br>)<br>    **Defendants.**             ) | <br><br><br><br>No. 3:13-CV-1265-D (BH)<br><br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this *pro se in forma pauperis* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice.

**I. BACKGROUND**

The *pro se* individual plaintiff filed this case purportedly as trustee for the 2125 Trickling Creek Trust and moved to proceed *in forma pauperis* on March 27, 2013. By *Notice of Deficiency and Order* dated March 28, 2013, he was advised that he could not represent the trust *pro se*, and that it must obtain legal counsel within 20 days. (*See* doc. 7.) The order specifically advised him that to the extent that he sought to assert his own individual claims against the defendants, he could file an amended complaint within 20 days that asserted his personal claims *only*. By separate order also dated March 28, 2013, the individual plaintiff was advised that he had not filed a proper motion to proceed *informa pauperis* as to any claims he was asserting against the defendants on his own behalf. (*See* doc. 6.)[1] He was ordered to either pay the fee or

---

[1] He was also advised that the trust was required to pay the $350 filing fee within twenty (20) days. *See Rowland v. California Men's Colony*, 506 U.S. 194 (1993) (only a natural person may qualify for treatment *in forma pauperis* under 28 U.S.C. § 1915).

file a proper motion to proceed *in forma pauperis* within 20 days, and a form motion was mailed to him.

Both orders dated March 28, 2013, expressly provided that failure to comply with the terms of each order could result in the dismissal of this action.  More than 20 days since the date of the orders have passed, but the individual plaintiff has still not paid the filing fee, filed a motion for leave to proceed *in forma pauperis* as to his own claims, filed an amended complaint setting forth his own claims, or filed anything else in this case.  In addition, no attorney has entered an appearance on behalf of the trust.

## II.  INVOLUNTARY DISMISSAL OF INDIVIDUAL CLAIMS

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

By order dated March 28, 2013, the individual plaintiff was given 20 days to pay the filing fee or submit an application to proceed *in forma pauperis,* and to file an amended complaint setting forth only his claims.  (*See* doc. 6.)  He was specifically warned that failure to do so could result in dismissal of this action.  Because he failed to follow a court order or otherwise show that he intends to proceed with his case, any claims on solely on behalf of the individual plaintiff  should be dismissed without prejudice under Rule 41(b) for failure to prosecute or follow orders of the court.

2

### III.  INVOLUNTARY DISMISSAL OF TRUST'S CLAIMS

In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654.  Although individuals have the right to represent themselves or proceed *pro se* under this statute, "individuals who do not have a law license may not represent other parties in federal court even on a next friend basis."  *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).   It is well-established that corporations are fictional legal persons who can only be represented by licensed counsel.  *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004) (*per curiam*) (citing *Rowland* and *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (*per curiam*)); *Southwest Express Co., Inc. v. Interstate Commerce Commission,* 670 F.2d 53, 54-56 (5th Cir. 1982).  "This is so even when the person seeking to represent the corporation is its president and major stockholder."  *In re K.M.A., Inc.,* 652 F.2d 398, 399 (5th Cir. 1981) (citation omitted).  When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant.  *See Donovan,* 736 F.2d at 1005.  "The rationale for prohibiting *pro se* corporate representation also extends to trusts."  *U.S. v. Dolenz*, 3:09-CV-13110-O, 2010 WL 428910 (N.D. Tex. Feb. 2, 2010) (citing *Retired Persons Fin. Serv. Clients Restitution Trust v. U.S. Attorney for the Northern District of Texas,* No. 3-03-CV-2658-D, 2004 WL 937170 at *1 (N.D.Tex. Apr.29, 2004) (collecting cases); *see also Dillard Family Trust v. Chase Home Finance, LLC*, 3:11-CV-1740-L, 2011 WL 6747416, *5 (N.D. Tex. Dec. 23, 2011) (citations omitted) ("a non-attorney trustee may not represent a trust *pro se.*").

3

By order dated March 28, 2013, the individual plaintiff was advised that because he does not appear to be licensed to practice law, he may not represent the trust in this action without legal representation. (*See* doc. 7.) He was also advised that he must retain counsel to represent the trust, and that if counsel had not entered an appearance on behalf of the trust within 20 days, dismissal of the trust's claims would be recommended. (*See* doc. 7). More than 20 days have passed, but no attorney has entered an appearance on behalf of the trust.

## IV.  RECOMMENDATION

The individual plaintiff's claims should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless he files a proper motion to proceed *in forma pauperis*, pays the filing fee, and files an amended complaint within the time for objecting to this recommendation.

Because the individual plaintiff may not prosecute this complaint on behalf of the trust without legal counsel, the trust's claims should be dismissed without prejudice, unless licensed counsel enters an appearance on its behalf within the time for objection to this recommendation.

**SIGNED** on this 26th day of April, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE