IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID M. WETHY, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:13-CV-1265-D |
| VS. | § | |
| | § | |
| CAPITAL TITLE, et al., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

In this action by two plaintiffs (an individual and a trust) against 11 defendants, defendants Bank of America, N.A., Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc. ("Movants") filed on April 26, 2013 a Fed. R. Civ. P. 12(b)(6) motion to dismiss. On the same day, the magistrate judge filed his findings, conclusions, and recommendation ("FCR") in which he recommends that the case be dismissed without prejudice under Rule 41(b) for want of prosecution and for the trust-plaintiff's failure to be represented by counsel. Plaintiffs have filed neither a timely response to the motion to dismiss nor timely objections to the magistrate judge's FCR. Defendants Barrett Daffin Frappier Turner & Engel, LLP, Brian Engel, James C. Frappier, G. Tommy Bastian, Stephen C. Porter, Lauren Christoffel, and Matt Lindsey object to the FCR. They maintain that the court should not dismiss this case without prejudice because plaintiff David M. Wethy ("Wethy") is a serial filer of vexatious, frivolous, and harassing litigation made in connection with pending foreclosure and/or eviction proceedings; his litigation tactics impose an unreasonable burden on the courts and the defendants named in his lawsuits; and a dismissal of this lawsuit without prejudice will allow him to continue unimpeded his pattern of abusive litigation. They point out that they filed on April 8, 2013 a motion for pre-filing

injunction to deter Wethy from filing any additional lawsuits in the Northern District of Texas without first obtaining permission from this court, and they request other relief, including attorney's fees and costs of court.

Although the court does not suggest that Wethy may not be subject to sanctions if he files other cases in this court, the court declines to retain on its docket—for purposes of entering a form of sanction—a case that plaintiffs are not prosecuting and that one plaintiff (the trust) cannot prosecute except by licensed counsel, especially where the court is dismissing the case at a very early stage of the litigation and the plaintiffs have done little more than file their complaint.

Accordingly, after making an independent review of the pleadings, files, and records in this case, and the April 26, 2013 FCR of the magistrate judge, the court concludes that the findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted. Movants' April 26, 2013 motion to dismiss is denied without prejudice as moot. This action is dismissed without prejudice by judgment filed today.

**SO ORDERED**.

May 20, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE